UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ZEENIA SATTI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:06CV00826(RWR) |
| | ) | |
| THE UNITED STATES DEPARTMENT | ) | |
| OF DEFENSE, | ) | |
| THE UNITED STATES DEPARTMENT | ) | |
| OF STATE, | ) | |
| ALEXIS SKOTZKO AT THE UNITED | ) | |
| STATES DEPARTMENT OF STATE, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S MOTION TO DISMISS IN PART OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

Defendant hereby moves to dismiss Plaintiff's Complaint, in part, pursuant to Fed R. Civ.

P. 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter

jurisdiction and on the grounds that Plaintiff has failed to state a claim upon which relief can be

granted. Alternatively, Defendants move for summary judgment pursuant to Rule 56 of the

Federal Rules of Civil Procedure because there is no genuine issue as to any material fact and

Defendants are entitled to judgment as a matter of law.

In support of this motion, Defendants respectfully submit the attached memorandum of

points and authorities, a statement of material facts not in genuine dispute[1], and a proposed order.

---

[1]To the extent that the Court may rely on matters outside of the pleadings, the Court may enter summary judgment in favor of the defendants. See Fed. R. Civ. P. 12(b); 56. Plaintiff should take notice that any factual assertions contained in the documents in support of this motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the documents. See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992), Local Rule 7(h); 56.1 and Fed. R. Civ. P. 56(e), which provides as follows:

Respectfully submitted,

_____
KENNETH L.  WAINSTEIN, D.C.  Bar #451058
United States Attorney


_____
RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney


_____
KEVIN K. ROBITAILLE
Special Assistant U.S.  Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 353-9895

Of Counsel:
Lieutenant Colonel Michael Seidel
U.S. Army Legal Services Agency
901 North Stuart Street
Arlington, Virginia  22203-1837

_____

Supporting and opposing affidavits shall be made on personal knowledge, shall
set forth such facts as would be admissible in evidence, and shall show
affirmatively that the affiant is competent to testify to the matters stated therein.
Sworn or certified copies of all papers or parts thereof referred to in an affidavit
shall be attached thereto or served therewith.  The court may permit affidavits to
be supplemented or opposed by depositions, answers to interrogatories, or further
affidavits.  When a motion for summary judgment is made and supported as
provided in this rule, an adverse party may not rest upon the mere allegations or
denials of the adverse party's pleading, but the adverse party's response, by
affidavits or as otherwise provided in this rule, must set forth specific facts
showing that there is a genuine issue for trial.  If the adverse party does not so
respond, summary judgment, if appropriate, shall be entered against the adverse
party.

Fed. R. Civ. P. 56(e).

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ZEENIA SATTI, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:06CV00826 (RWR)** |
| | ) | |
| **THE UNITED STATES DEPARTMENT** | ) | |
| **OF DEFENSE,** | ) | |
| **THE UNITED STATES DEPARTMENT** | ) | |
| **OF STATE,** | ) | |
| **ALEXIS SKOTZKO AT THE UNITED** | ) | |
| **STATES DEPARTMENT OF STATE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS IN PART OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

## I.  INTRODUCTION

Plaintiff, pro se, brings suit against the Department of Defense, Department of State and an individual government employee.[2]  The complaint alleges that both agencies failed to take required actions regarding the death of Mr. Brant Simenson who plaintiff alleges to have been her husband.[3]  The complaint also alleges that a United States government employee, Alexis Skotzko, deprived plaintiff of property rights based on actions Mr. Skotzko allegedly took as the administrator of the decedent's estate.  Finally. Plaintiff alleges that Mr. Skotzko forced plaintiff to relinquish her rights to the decedent's estate through threats and intimidation.

---

[2] It is unclear from the complaint if Plaintiff is attempting to sue the employee in his official or personal capacity.  However, as Mr. Skotzko was not personally served, we assume that he is being sued in his official capacity.  See Docket entry 3.

[3] Plaintiff fails to mention that the two were divorced in Pakistan prior to the decedent's death.

Defendant, Department of Defense is entitled to summary judgment on all claims against it, as Defendant's declarations show that Brant Simenson was not a service member at the time of his death and thus not entitled to benefits from the Department of Defense.   Plaintiff's claims against the Department of State should be dismissed, pursuant to Fed R. Civ. P.  12(b)(1) and 12(b)(6) as they allege tort actions for which the Federal Tort Claims Act does not provide the requisite waiver of sovereign immunity.

## II. BACKGROUND

Plaintiff was married to Brant Simenson on April 22, 1995 in Fairfax County, Virginia. See Complaint Exhibit A.  The couple gave birth to minor plaintiff Alexander Simenson in Islamabad, Pakistan on May 25, 1997 and the child was documented with a Consular Report of Birth Abroad. See Complaint Exhibit B.  On November 12, 1999, Ms. Satti registered a notice of divorce in the Islamabad Capital Territory Arbitration Council.  See Defendant's Exhibit 1; hereinafter DEX #.  Because she did not revoke the divorce registration within 90 days, under Section 8.7(1) of the Muslim Family Laws Ordinance/Rules, 1961 the Arbitration Council confirmed the 1999 divorce and issued a certificate of divorce on April 2, 2002.  Id.

Plaintiff alleges that decedent was a Major in the Special Forces.  Based on this allegation, plaintiff makes three claims against DoD.  In her first claim, Plaintiff alleges that the Department of Defense owes her and her child death benefits and asks that the court compel the Department of Defense to release those benefits.  Second, Plaintiff asks the court to compel  DoD to conduct an administrative inquiry into the matter.  Third, Plaintiff asks DoD to compensate her for emotional damages arising from the alleged failure to notify Plaintiff of Decedent's death and failure to release benefits.  The attached declarations demonstrate that the decedent was not a

2

United States service member as alleged and therefore Plaintiff is not entitled to any of the relief she requests.

Plaintiff alleges that Defendant, Department of State (DoS) (1) failed to notify her of her husband's death, (2) failed to administer her husband's estate correctly, and (3) committed several other torts through the actions of employee Alex Skotzko.  Even if Plaintiff's wild accusations were true, plaintiff has failed to state a claim, as she is alleging tortious conduct for which no waiver of sovereign immunity exists.  Claims against the United States are barred by sovereign immunity unless there is an applicable statutory waiver.  Although the Federal Tort Claims Act is a waiver of sovereign immunity, certain types of claims are excepted from its coverage.

## III. STANDARD OF REVIEW

### A.  Motion to Dismiss

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the legal sufficiency of a complaint.  Atchinson v. District of Columbia, 73 F. 3d 418, 421 (D.C. Cir. 1996).  A complaint may be dismissed for failure to state a claim upon which relief can be granted, if the facts pled and reasonable inferences therefrom are legally insufficient to support the relief requested.  Appleton v. United States of America, 69 F. Supp. 2d. 83, 86 (D. D.C. 1999).  In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party.  Conley v. Gibson, 355 U.S. 41, 45-46  (1957); Scheuer v. Rhodes, 416 U.S. 232 (1974). The court need not, however, accept as true the plaintiff's legal conclusions.  See Taylor v. FDIC, 132 F.3d 753, 762 (D.C. Cir. 1997).  From the facts alleged in the complaint, it appears beyond

3

doubt that the plaintiff can prove no set of facts that would entitle her to relief.

The standard of review for a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is virtually identical to that used for 12(b)(6) motions. *See*, *e.g.*, Vanover v. Hantman, 77 F. Supp. 2d 91, 98 (D.D.C. 1999). However, the Court is free to consider material outside the pleadings for purposes of resolving jurisdictional issues. Artis v. Greenspan, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) ("[a] court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of venue, personal jurisdiction or subject matter jurisdiction.") (citing Land v. Dollar, 330 U.S. 731, 735 n.4, (1947)). So long as the Court considers matters outside the pleadings only with respect to the issues raised pursuant to Fed. R. Civ. P. 12(b)(1) and relating to lack of subject matter jurisdiction, a motion to dismiss is not converted to one for summary judgment. Artis v. Greenspan, 223 F. Supp. 2d at 152 n.1. Id. In the Rule 12(b)(1) context, the plaintiff bears the burden of proving jurisdiction. Id.

**B.  Summary Judgment**

In 1986, the Supreme Court issued three opinions that clarified the standards governing consideration of motions for summary judgment under Fed. R. Civ. P. 56. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex at 322; Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995); Molerio v. FBI, 749 F.2d 815, 823 (D.C. Cir. 1984). Where no genuine dispute exists as to any

4

material fact, summary judgment is required.  <u>Anderson</u>, 477 U.S. 242 (1986).

A genuine issue of material fact is one that could change the outcome of the litigation. <u>Id</u>. at 247.  The party moving for summary judgment need not prove the absence of an essential element of the nonmoving party's case.  <u>Celotex</u>, at 325.  "The burden on the moving party may be discharged by 'showing' –  that is, pointing out to the (Court) –  that there is an absence of evidence to support the non-moving party's case."  <u>Id</u>.  Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must proffer specific facts showing that a genuine issue exists for trial.  <u>Matsushita</u>, 475 U.S. at 586.  Fed. R. Civ. P. 56 requires the party opposing summary judgment go beyond the pleadings, and by affidavits, depositions, answers to interrogatories or admissions set forth "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); <u>Celotex</u>, 477 U.S. at 324; <u>Banks v. C & P Tel. Co.</u>, 802 F.2d 1416 (D.C. Cir. 1986).  To avoid summary judgment, the Plaintiff must state specific facts or present some objective evidence that would enable the court to find an entitlement to relief.

In an opinion issued the same day as <u>Celotex</u>, the Supreme Court explained the circumstances where summary judgment is appropriate: "if the evidence is merely colorable . . . or is not sufficiently probative . . . summary judgment may be granted . . . (T)he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  <u>Anderson</u>, 477 U.S. at 252. Unsupported speculation is not enough to defeat a summary judgment motion; the existence of specific material evidentiary facts must be shown.  Fed. R. Civ. P. 56(e) (the nonmoving party may not rest on mere allegations but "must come forward with 'specific facts showing there is a genuine issue for trial.").  <u><i>See also</i></u> Hayes v. Shalala, 902 F.Supp. 259, 263 (D.D.C. 1995)

5

(opposition to summary judgment must consist of more than mere unsupported allegations or denials); <u>Johnson v. Digital Equip. Corp.</u>, 836 F.Supp. 14, 18 (D.D.C. 1993) (evidence that is merely colorable or not sufficiently probative is insufficient to defeat summary judgment); <u>Baton v. Powell</u>, 912 F.Supp. 565, 578 (D.D.C. 1996).

The mere existence of some factual dispute will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *See* <u>Anderson</u>, 477 U.S. at 247-248. Perhaps most significantly, the Court authorized weighing the evidence at the summary judgment stage of litigation, stating that the "purpose of summary judgment is to 'pierce the pleadings, and to assess the proof in order to see whether there is a need for a trial.'" <u>Id</u>. (citation omitted). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." <u>Id</u>. at 249-250 (citations omitted). If the evidence is "merely colorable, or is not significantly probative," or the record taken as a whole could not "lead a rational trier of fact to find for the nonmoving party, summary judgment is proper." <u>Id.</u>; <u>Matsushita</u>, 475 U.S. at 587. Thus, the non-movant cannot manufacture genuine issues of material fact with "some metaphysical doubt as to the material facts," (<u>Matsushita</u> at 586), or with "conclusory allegations . . . unsubstantiated assertions, . . . or a scintilla of evidence." <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Importantly for this case, "[b]y pointing out the absence of evidence to support the nonmoving party's case, the moving party can demonstrate that there is no genuine issue as to any material fact, therefore entitling it to summary judgment." <u>Shelborne v. Runyon</u>, 1997 WL 527352 at **3 (citing <u>Celotex</u>, 477 U.S. at 325).

In <u>Celotex</u>, the Supreme Court further instructed that the "(s)ummary judgment procedure

6

is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" <u>Celotex</u>, 477 U.S. at 327 (quoting Fed.R.Civ.P. 1).  A court should grant summary judgment if the moving party submits affirmative evidence that negates an essential element of the nonmoving party's claims or by demonstrating to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.  <u>Celotex</u>, 477 U.S. at 331.

## IV. ARGUMENT

### A.  Summary Judgment for the Department of Defense Is Required Because the Decedent Was Not a Member Of the United States Military as Alleged

The general rule is that pro se pleadings are to be judged by a "less stringent standard then pleadings drafted by attorneys."  <u>See Haines v. Kerner, 404 U.S. 519, 520 (1972).</u>  Interpreting Plaintiff's complaint in this light, Defendants have identified three claims, all are without merit.

Defendant's Motion for Summary Judgment must be granted because Brant Marcus Simenson was in fact not a Special Forces Major, as alleged.  The entire theory of Plaintiff's case against Defendant DoD is based upon the alleged military status of the Decedent.

Plaintiff's complaint alleges that the time of Decedent's death was May 17, 2002 in Pakistan. (Plaintiff's Complaint at p.1).  Plaintiff asserts that Decedent "worked for the U.S. Special Forces as undercover spy in the rank of a Major."  (*Id.*). "Special Forces" is a separate branch or career management field of the Army managed by the U.S. Army Human Resources Command (HRC).  (Jones Decl. DEX 2, p1-2).  The "Special Forces", also known as the "Green Berets", or "Army Special Forces" are also Army soldiers organized into units under the U.S.

7

Army Special Operations Command (USASOC) in Fort Bragg, N.C.  (Tolley Decl. DEX 3, p.1).

      Reading the pro se Plaintiff's complaint liberally, it sets forth three different claims against Defendants: 1), a claim for recovery of past due and current death and other unspecified benefits based on the allegation Decedent was a Special Forces Major (Plaintiff's Complaint at p.5); 2) a request to compel Defendant to conduct an administrative inquiry into the matter (*Id.*); and 3), a tort-like claim for allegedly failing to notify Plaintiff of her husband's death and failing to release death benefits, thereby causing Plaintiff physical and emotional distress.  (Plaintiff's Complaint at p.4).

      Defendant submits two declarations which reveal that thorough searches show no record of decedent's alleged military service.  The first declaration is from Thomas Jones, Chief of Freedom of Information/Privacy Act Program, for the United States Army Human Resources Command (HRC).  (DEX 2, p.1).  The HRC's mission is to provide centralized personnel management operations for officer and enlisted soldiers in the active Army.  The HRC also handles the personnel career management branch for Special Forces.  (DEX 2, p.1-2). Furthermore, the HRC is in charge of the Casualty and Memorial Affairs Operations Center.  The HRC also has the capability to search the National Personnel Records Center (St. Louis), which maintains records on all military personnel, including records on all discharged, retired, or deceased members of all four branches of the military (Army, Navy, Air Force, Marines). (DEX 2, p.2).  Mr. Jones has been employed in this position for six years and is familiar with the various databases through which the military status of an individual can be ascertained, whether that individual is discharged, retired, or deceased.  (DEX 2, p.1).  He is also familiar with the configuration and operation of military personnel management and accountability systems within

the HRC.  (DEX 2, p.1).  Mr. Jones is familiar with Plaintiff's suit and all the pertinent

allegations from it, such as that Decedent was a "Special Forces Major."  (DEX 2, p.1).

Therefore, Mr. Jones has the prerequisite personal knowledge and competence to make the

declarations in the sworn affidavit, as is required by Fed. R. Civ. P. 56 (e).

    The record searches at HRC were performed using the Decedent's name, date of birth,

social security number and date of death.  (DEX 2, p.2).  The searches <u>did not</u> show that

Decedent was ever a member of the United States Army, Special Forces or any other branch of

military service.  (DEX 2, p.2).  The search was performed using eight different sources,

including, but not limited to, Officer Records, Enlisted Records and Special Forces Branch.

(DEX 2, p.2).  The search of the National Personnel Records center also returned <u>no results</u> of

Decedent's membership in any of the four military branches.  (DEX 2, p.2).

    The second declaration is from Colonel Neil H. Tolley, a Senior National Guard Advisor

for the United States Army Special Operations Command (USASOC).  Colonel Tolley has full

access to all Army databases, including Active Component, Reserve Component, and National

Guard.  (DEX 3, p.1).  Colonel Tolley has been employed in this capacity for three years and is

personally familiar with the records systems and databases that were searched.  (DEX 3, p.1).

    Colonel Tolley is familiar with Plaintiff's lawsuit and the allegations that are made in it.

As such, given his qualifications discussed above, he has the prerequisite personal knowledge

and competence to be recognized as a declarant per Fed. R. Civ. P. 56 (e).   He conducted

diligent searches in four different databases where information about Decedent would reasonably

be found: Army Training Requirements and Resources System (ATRRS), Reserve Component

Manpower System (RCMS), RETAIN Army Retention Database, and Army Individual Personnel

Management System (IPERMS). The searches were performed using Decedent's name and social security number, ultimately returning no matches.

The Affidavits submitted by DoD demonstrate that Decedent was not a member of the United States Army Special Forces, United States Army, or any other military branch. (Exhibits A and B).

The affidavits show that Plaintiff's allegation about her alleged husband's military status is wholly unsubstantiated and without merit. As a result, the core fact needed to sustain any of plaintiff's claims against DoD is absent. Without bonafide military status, Plaintiff cannot allege that Defendant owes Plaintiff death benefits, that Defendant must initiate an investigation into the matter, and that Defendant owes Plaintiff damages for emotional distress as a result of non-notification. Consequently, the Defendant does not owe any legal duty to the Plaintiff, because the evidence presented herein shows that Plaintiff has failed to bring forth evidence that would be the basis for her claim. See Celotex, 477 U.S. at 331.

To avoid Summary Judgment Plaintiff must state specific facts or present some objective evidence that would enable the court to find an entitlement to relief. See Anderson, 477 U.S. at 247, 248. In this case, Plaintiff does not have any basis to argue that Defendant DoD owes her any legal duty because Decedent was in fact not a soldier or an officer in the Special Forces and/or the United States military. The absence of any evidence means that there is an absence of any material fact on Plaintiff's claims against DoD.

**B. The United States Has Not Waived Sovereign Immunity for the Claims Plaintiff Raises**

Plaintiff alleges the DoS (1) failed to notify her of her husband's death, (2) failed to administer her husband's estate correctly, and (3) committed several other torts through the

10

actions of employee Alex Skotzko.  Even if Plaintiff's wild accusations were true, plaintiff has

failed to state a claim, as she is alleging tortious conduct for which no waiver of sovereign

immunity exists.

### 1. The FTCA Does Not Waive Sovereign Immunity for Assault or Interference with Contract Rights

Claims against the United States are barred by sovereign immunity unless there is an

applicable statutory waiver.  Although the Federal Tort Claims Act,  28 U.S.C. § 1346(b) is a

waiver of sovereign immunity, certain types of claims are excepted from its coverage.  One such

exception is for any "claim arising out of assault and battery or interference with contract

rights."  28 U.S.C. § 2680(h). Section 2680(h) states in pertinent part:

> The provisions of [the Federal Tort Claims Act] and § 1346(b) of
> [Title 28] [granting jurisdiction to district courts for tort suits
> against the United States] shall not apply to:
> (h) any claim arising out of assault, battery, false imprisonment
> false arrest, malicious prosecution, abuse of process, libel, slander,
> misrepresentation, deceit, or interference with contract rights

Accordingly, the plaintiff may not maintain a claim against the United States for assault or for

interference with contract rights and her Tort claim should be dismissed.

While Plaintiff does not use the term assault or interference with contract right, under the

FTCA, the court must look beyond the language used in the complaint to "scrutinize the alleged

cause of the injury." Kugel v. United States, 947 F.2d 1504, 1506-07 (D.C. Cir. 1991).  In Kugel,

the plaintiff claimed that FBI agents negligently initiated and conducted an investigation of him,

which led to various losses when word of allegations against Kugel, but not of the fact that he

was cleared, was disseminated.  While the complaint did not claim defamation, a tort excepted

under 28 U.S.C. § 2680(h), the D.C. Circuit held that, when the cause of Kugel's injury was

examined, it appeared that it arose from defamation and not from negligent execution of an investigation. On that basis, the court dismissed the FTCA claim.

Similarly, in the instant case, the injury that the plaintiff claims to have suffered arose from an alleged assault.  "An individual is subject to liability for assault if 1) he acts intending to cause a harmful or offensive contact with the person of the other . . ., or an imminent apprehension of such a contact; and 2) the other is thereby put in such imminent apprehension. Richardson v. U.S. Dep't of Interior, 740 F. Supp. 15, 26 (D.D.C. 1990) citing Restatement of Torts (Second) § 21 (1965).   Plaintiff alleges that Alexis Skotzko threatened her with dire consequences if she exercised her rights regarding the decedent's estate.  While the alleged threat in this case is conditional, the only other common law tort plaintiff's allegations could amount to is an interference with contract rights which is also excluded from the FTCA's coverage.

## 2.  The FTCA Excludes Claims Arising in a Foreign Country

Furthermore, Plaintiff's claims regarding the alleged negligent notification of the decedent's death and administration of his estate are not covered by the FTCA because the events occurred overseas and involved either a uniquely government function or were not performed within the scope of Mr. Skotzko's duties.

The FTCA does not apply to "[a]ny claim arising in a foreign country."  28 U.S.C. § 2680(k).  As the Supreme Court held in Sosa v. Alvarez-Machain, it is the place where harm is caused that determines whether a claim "aris[es]" in a foreign country for purposes of the FTCA. 542 U.S. 692, 703-12 (2004).

Ms. Satti's claims all relate to alleged actions and inactions by the U.S. Embassy or U.S. armed forces in Pakistan following her ex-husband's death.  The inaction complained of is the

alleged failure of consular staff and DoD officials to notify her of her ex-husband's death.  The

action complained of is the alleged threats of Mr. Skotzko, who she claims was "acting under the

color of authority."  She claims that these actions/inactions caused her injury – "emotional

suffering and physical hardship" – that necessarily occurred in Pakistan, where she resided at the

time.  Because the alleged injuries arose exclusively in a foreign country, Plaintiff cannot sustain

a claim under the FTCA.

### 3. Acts Committed as the Administrator of Decedent's Estate Were Not Conducted Within the Scope of Alexis Skotzko's Federal Employment

Federal Statutes define the limited circumstances where a federal employee may officially

act as the administrator of a U.S. citizens estate in a foreign country.  US Consular officers are

authorized to act as provisional conservators of the overseas estates of deceased U.S. citizens. 22

U.S.C. 2715c(a)(1).  They are not permitted to act as administrators in an official capacity when a

legal representative of the deceased is present.  22 U.S.C. 2715(c)(3)(a)(3).   22 U.S.C.

2715c(a)(2) does provide that consular officers "may act as administrator of an estate in

exceptional circumstances if expressly authorized to do so by the Secretary of State."  Mr.

Skotzko offered to assist because of his personal relationship to the deceased and his family.  See

Attachment 1 to Anske Decl.  No exceptional circumstances existed and the Secretary of State

did not authorize Alexis Skotzko to act as administrator of Mr. Simenson's estate in an official

capacity.  See Attachment 1 to Declaration of Kay L. Anske, DEX 6. Therefore, all acts as

administrator of the estate are outside Mr. Skotzko's official capacity.

### C.  Plaintiff Has Not Exhausted Her Administrative Remedies

Even assuming arguendo that Plaintiff's tort claim legitimately stated a cause of action

for which the FTCA provides a waiver of sovereign immunity, the claim must be dismissed

because the Plaintiff failed to exhaust mandatory administrative remedies under the FTCA.  This

failure divests the Court of subject matter jurisdiction over the tort claim.[4]

The FTCA provides that "an action shall not be instituted against the United States for

money damages for . . . personal injury . . . caused by the negligent or wrongful act or omission

of any employee of the Government while acting within the scope of his office or employment,

unless the claimant shall have first presented the claim to the appropriate Federal agency and his

claim shall have been finally denied by the agency."  28 U.S.C. § 2675(a).  This requirement is

jurisdictional.  Simkins v. District of Columbia Government, 108 F.3d 366, 371 (D.C. Cir. 1997)

("the Supreme Court has held that the 'FTCA bars claimants from bringing suit in federal court

until they have exhausted their administrative remedies.'") (quoting McNeil v. United States, 508

U.S. 113 (1993)).

Plaintiff does not allege in her complaint that she has exhausted her administrative

remedies under the FTCA.  The attached declarations of Jennifer Toole, an Attorney-Adviser in

the Office of International Claims and Investment Disputes, Office of the Legal Adviser, U.S.

Department of State (DEX 4) and Colonel Jill Grant, the Chief of Tort Claims Division, U.S.

Army Claims Service (DEX 5) demonstrate that Plaintiff did not file an administrative claim

with either the Department of State or Department of Defense prior to her filing suit.

Accordingly, to the extent her claims are cognizable under the FTCA, her complaint must

be dismissed for failure to comply with this jurisdictional requirement.  Verner v. United States,

---

[4] Claims that fall outside the FTCA are not subject to the exhaustion requirement.  Simkins v.
United States, supra, 108 F.3d at 371.

804 F. Supp. 381, 384 (D.D.C. 1992); Knowles v. United States, 2005 U.S. App. LEXIS 6568

(D.C. Cir. 2005).

**D.  The Court Lacks Jurisdiction to Issue Either Mandamus or award Punitive Damages as requested by plaintiff**

In her pro se Complaint, the Plaintiff seems to seek a writ of mandamus compelling DoS

and DoD to each initiate an administrative inquiry into an employee's behavior.  However, the

Court lacks subject matter jurisdiction over Plaintiff's mandamus claim.  Plaintiff does not have

a clear right to the relief sought, and the Defendant does not have a clear, non-discretionary duty

to provide him the relief he seeks.  Plaintiff has failed to set forth the necessary prerequisites for

mandamus relief in his complaint.  "The mandamus remedy is an extraordinary one, and it is to

be utilized only under exceptional circumstances..."  Haneke v. Secretary of Health, Education

and Welfare, 535 F.2d 1291 (D.C. Cir. 1976).

To qualify for mandamus relief, Plaintiff must show: 1) a clear right to the relief sought;

2) the defendant has a clear duty to act; and 3) the absence of any other adequate remedy.  Swan

v. Clinton, 100 F.3d 973, 977 (D.C. Cir. 1996) (quoting American Cetacean Society v. Baldridge,

768 F.2d 426, 433 (D.C. Cir. 1985); Atlantic Tele-Network Inc. v. Inter-American Development

Bank, 251 F. Supp. 2d 126, 131 (D.D.C. 2003).  Furthermore, the Defendant's duty to act must

be clear, ministerial and non-discretionary.  NTEU v. Bush, 715 F.Supp. 405, 407 (D.D.C. 1989).

As a member of the public, Ms. Satti lacks any "clear right" to have a federal employee

disciplined.  In addition, management officials of a federal government agency do not have a

"clear duty" to discipline an employee for alleged misconduct.  They have discretion whether to

initiate disciplinary action against employees for alleged misconduct.  The taking of disciplinary

action is governed by various statutes and regulations (see, e.g., 5 U.S.C. Chapter 75, 5 CFR Part 752).

Additionally the United States is not liable for punitive damages.  The FTCA provides that: "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment **or for punitive damages**." 28 USCS § 2674 (emphasis added).  Therefore Plaintiff's claims for punitive damages should be dismissed.

### E.  The Department of State Is Entitled to Summary Judgment for Any Claims Not Dismissed

Even if Plaintiff's claims were cognizable, the DoS would be entitled to summary judgment because the embassy properly notified the decedent's parents.  The role of consular officers in notifying the next of kin or legal guardian of U.S. citizens is governed by federal law and regulation.  22 U.S.C. 2715B(a) provides:

> Whenever a United States citizen or national dies abroad, a consular officer shall endeavor to notify, or assist the Secretary of State in notifying, the next of kin or legal guardian as soon as possible.

Exceptions are included in this statute for Peace Corps volunteers and their dependants, members of the Armed Forces and their dependents, and Department of Defense employees.  Id. In such cases consular officers are directed to assist the appropriate Peace Corps or military authorities in making notifications. Id.[5]

---

[5]Ironically, if Plaintiff's allegations regarding her former husband's military status are taken as true then the claimed failure to notify her as next of kin by DoS must be dismissed.

These regulations prescribe a consular officers' responsibility to notify the Department of State, the legal representative and the closest known relative in the event of the death of all U.S. citizens that occur in their consular district except the deaths of Department of Defense and Coast Guard personnel. See 22 CFR 72.1 ("A consular officer (or in his absence a diplomatic officer) is responsible for reporting to the Department, to the legal representative, and to the closest known relative the deaths of all United States citizens occurring in his consular district.").

At the time of Mr. Simenson's death, Ms. Satti was no longer married to him and therefore was no longer next of kin. See, DEX 1. The law and regulations regarding consular notification do not apply to her. As notification serves to assist in obtaining directions regarding the disposition of remains, Mr. Simenson's parents were the closest relatives capable of making such decisions.

Even if Ms. Satti were still married and could argue that she was the closest relative to Mr. Simeson, neither the statute or regulation require absolute accuracy in determining who the next of kin for notification. 22 U.S.C. 2715B(a) states that a consular officer will "endeavor" to notify next of kin. According to 22 CFR 72.1, a consular officer is responsible for notifying the "closest known relative." Based on the information available to the State Department at the time, the Department fulfilled its duty by notifying the various known family members at the time of the incident.

Ms. Satti has provided no evidence that consular officers acted in any way inconsistent with federal law, regulations or guidance on notifying the next of kin in the death of Mr. Simenson. Mr. Simenson's parents were identified as next of kin by the consular section of the

17

U.S. Embassy in Islamabad through his passport records and were promptly notified of the accident.  See DEX 6.   Based on the decedent's designation of his mother as his emergency contact, the embassy sent a letter to his parents, from the Consul General notifying the parents of the circumstances of their son's death. See Passport Application, DEX 7.

The Embassy had no reason to question the decedent's passport designation of an emergency contact.  Nothing in the statute suggests that Congress intended the Embassy to delay notification to ensure that an ex-wife was notified as opposed to, or in addition to, a parent. Additionally, shortly after notifying the parents, the Embassy received a letter from Plaintiff.  In it she acknowledges being notified, acknowledges being divorced, and even thanks Alexis Skotzko for asking if she wanted any of her ex-husband's possessions.  See Satti letter, DEX 8. Even if they had an obligation to get involved in family disputes, obviously, once the Embassy received this letter from Plaintiff, they would believe that all parties were satisfied with the arrangements.

## V.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice.

Respectfully  submitted,

_____/s_____
 KENNETH L.  WAINSTEIN, D.C.  Bar #451058
United States Attorney

18

_____/s_____
RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney


_____/s_____
KEVIN K. ROBITAILLE
Special Assistant U.S.  Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 353-9895

Of Counsel:
Lieutenant Colonel Michael Seidel
U.S. Army Legal Services Agency
901 North Stuart Street
Arlington, Virginia  22203-1837

19