IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZEENIA SATTI, ALEXANDER CHRISTOPHE SIMENSON, <br><br>        Plaintiffs, <br><br>        v. <br><br> THE UNITED STATES DEPARTMENT OF DEFENSE, <br> THE UNITED STATES DEPARTMENT OF STATE, <br> ALEXIS SKOTZKO AT THE UNITED STATES DEPARTMENT OF STATE, <br><br>        Defendants. | No. 1:06-CV-00826 <br> RWR |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

Plaintiffs respectfully submit this Memorandum of Law in Opposition to Defendants' Motion to Dismiss or in the Alternative for Summary Judgment. Because Plaintiffs have stated valid claims, Defendants' motion to dismiss should be denied. Further, because genuine issues of material fact are in dispute, Defendants' motion for summary judgment should be denied.

**ARGUMENT**

**I.  PLAINTIFFS HAVE PLEADED A VALID CLAIM FOR DEATH BENEFITS FOR THE SURVIVING SPOUSE AND CHILD OF A MEMBER OF THE ARMED FORCES KILLED IN ACTION**

Plaintiffs here are the widow and child of Brant Marcus Simenson ("Mr. Simerson" or "the decedent"). Plaintiffs' Complaint states that the decedent, at the time of his death, was a member of the United States Armed Forces, serving in Pakistan. (Complaint at 1.) Plaintiffs'

1

Complaint further states that the United States Department of Defense has not released to the Plaintiffs any of the death benefits to which they are entitled. These benefits include the "death gratuities" paid by Defense to the survivors of military personnel killed while on active duty. *See* 10 U.S.C. § 1475.

As Brant Simerson's surviving spouse, Ms. Satti is entitled to death gratuities. *See* 10 U.S.C. § 1477(a)(1). Alternatively, if for any reason Ms. Satti is not awarded death gratuities, they must go to Mr. Simenson's only son, Alexander Christophe Simenson. *See* 10 U.S.C. § 1477(a)(2). The gratuities total at least $338,000. *See* 10 U.S.C. § 1478(a) ("The death gratuity payable under sections 1475 through 1477 of this title shall be $100,000); 10 U.S.C. § 1478(e)(3) (specifying additional gratuities of $150,000 and $88,000 payable to the survivors of members of the Armed Forces killed in Operation Enduring Freedom or Operation Iraqi Freedom).

In their Complaint, Plaintiffs state that the decedent, Brant Marcus Simenson, worked for the U.S. Armed Forces at the time he was killed in Pakistan on May 17, 2002. The Complaint also states that Plaintiff Zeenia Satti and the decedent were legally husband and wife at time of the decedent's death. Further, the Complaint states that a son, Plaintiff Alexander Christophe Simenson, was born to the decedent and Ms. Satti on May 25, 1997. (Complaint at 1.) Accepting such statements as true, the Complaint establishes a valid claim for death gratuities.

Because the Plaintiffs' Complaint alleges sufficient facts upon which to award the Plaintiffs death gratuities, this case should not be dismissed. In addition, to the extent that the Plaintiffs, as widow and child of a deceased servicemember, are entitled to further relief, the complaint should be construed liberally and discovery allowed so that Plaintiffs can assert their rights to such benefits as well. Discovery may yield evidence about the particulars of the

decedent's employment which demonstrate the Plaintiffs are entitled to other benefits, for example, an annuity under the "Survivor Benefit Plan," 10 U.S.C. § 1447 et seq.

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), it is the sufficiency of the complaint that is at issue and a court should look no further than the facts alleged in the complaint itself in determining whether to dismiss the case. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In making such determinations, a court should not dismiss the complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley*, 355 U.S. at 45-46. In ruling on a motion to dismiss, this Court's role is "necessarily a limited one." *Scheuer*, 416 U.S. at 236. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.* The court must view the complaint in the light most favorable to the plaintiff. *See id.* The plaintiff need not "set out in detail the facts upon which he bases his claim"; all that is required is a "short and plain statement of the claims that will give the defendants fair notice of what the plaintiff's claim is and the grounds upon which he rests." *Id.* at 47 (citing Fed. R. Civ. P. 8(a)(2)). As shown above, the Plaintiffs here have complied with this requirement.

II.   **PLAINTIFFS' CLAIM FOR DEATH BENEFITS PRESENTS FACTUAL ISSUES AS TO WHICH THERE IS A GENUINE DISPUTE**

To the extent that the Defendants' motion to dismiss relies upon evidence presented in the declarations accompanying its motion, the Court should treat it as a motion for summary judgment. Fed. R. Civ. P. 12(b). Summary judgment is appropriate only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c).  In recognition of this standard, the Defendants argue that "there is no genuine issue as to any material fact" in this matter.  (Def. Motion at 1.)  Yet in their arguments, the Defendants highlight the key factual disputes presented by this case.

The Defendants state that the affidavits they provide "show that Plaintiff's allegation about her alleged husband's military status is wholly unsubstantiated and without merit."  (Def. Motion at 10.)  Plaintiff Zeenia Satti's husband's military status, however, is an unresolved question of fact.  The Defendants' motion itself notes that this fact is "the core fact needed to sustain" the Plaintiffs' claims for the death gratuity.  (Def. Motion at 10.)  Notwithstanding the Defendants' one-sided presentation of evidence, this "core fact" remains unresolved and, as demonstrated by the Plaintiffs' Complaint and the attached sworn Affidavit of Plaintiff Zeenia Satti, is in dispute.  (Satti Aff. at ¶ 3.)  In the attached Affidavit, Plaintiff Zeenia Satti provides sworn testimony of the following facts:  (1) the decedent was a member of the U.S. Armed Forces (Satti Aff. at ¶ 3); (2) the decedent was killed in Pakistan on May 17, 2002 (Satti Aff. at ¶ 3); and (3) the decedent and Ms. Satti were lawfully married at the time of the decedent's death (Satti Aff. at ¶ 1).  Therefore, summary judgment is unwarranted.

Tellingly, the Defendants' Motion does not dispute the fact that Brant Simenson was a spy for the United States.  Rather, the Motion and accompanying affidavits state only that the affiants performed searches for the decedent in various federal government databases of military personnel records and found no record of the decedent in these databases.  Search of such databases is hardly conclusive proof of his military status, given the type of work the decedent was performing at the time of his death:  serving as an undercover spy for the United States

military in one of the most dangerous and hostile parts of the world.  Moreover, the Defendants' motion conspicuously notes that it limited its searches to records of "military service" or the decedent's "membership in any of the four military branches."  (Def. Motion at 8, 9.)  While the decedent was, in fact, a member of the United States military, other federal agencies may have the only record of his service if he was employed by some other U.S. agency as cover for spying.  (*See* Satti Aff. at ¶ 6.)  As the evidence presented by the Defendants is insufficient to dispose of the key factual question of the decedent's status as an employee of the United States or of the U.S. Armed Forces, summary judgment is not appropriate.

The Defendants also allege that Ms. Satti and the decedent were no longer married at the time of Mr. Simenson's death.  (Def. Motion at 17.)  Yet proof of this fact would not defeat the Plaintiffs' claims.  Even assuming arguendo that Ms. Satti and Mr. Simenson were no longer lawfully married at the time of Mr. Simenson's death, as the United States purports to show in its motion, Plaintiffs are still entitled to death benefits based on a key fact pleaded in the Complaint *as to which there is no dispute*:  Plaintiff Alexander Christophe Simenson is the decedent's child.  The provisions for claiming such benefits state that, where there is no surviving spouse, the death gratuity belongs to the deceased's child.  10 U.S.C. § 1478(a).

The Defendants nevertheless present as evidence a purported divorce certificate issued by a Pakistani Islamic Arbitration Council in April of 2002.  The motion cites provisions of "Muslim Family Laws Ordinance/Rules" for the proposition that, since Ms. Satti did not revoke her 1999 registration for divorce within 90 days, the Arbitration Council issued the divorce.  (Def. Motion at 2.)  Ms. Satti's attached Affidavit is evidence that this divorce petition was "a nullity" due to the reconciliation and resumption of marital relations between Ms. Satti and the

decedent during this 90-day period. (Satti Aff. at ¶ 12.) And even if this divorce certificate were genuine and effective as a religious matter in Pakistan, Defendants offer no evidence as to its legal effect on the Virginia marriage of the decedent and Ms. Satti. Whether divorces issued by Islamic Arbitration Councils pursuant to Muslim Family Laws have any legal effect on a particular United States marriage is a mixed question of law and fact that cannot be resolved on summary judgment. It is undisputed that the decedent and Plaintiff Zeenia Satti were lawfully married on April 22, 1995, in the Commonwealth of Virginia. There is no evidence that the couple were ever divorced according to the laws of that state. Thus, a disputed fact question exists as to the status of the decedent's marriage to Ms. Satti at the time of his death, and summary judgment is inappropriate.

In sum, the fact that Mr. Simenson was a member of the U.S. Armed Forces at the time of his death and the fact that Ms. Satti and the decedent were married at the time of his death are facts not appropriate for resolution in a motion for summary judgment. Defendants' Motion must be denied.

**C.    PLAINTIFFS' CLAIMS FOR THE PROCEEDS FROM THE SALE OF THE DECEDENT'S ASSETS ARE ALLOWED BY THE FEDERAL TORT CLAIMS ACT**

This Court has jurisdiction over this matter pursuant to the Federal Tort Claims Act ("FTCA"), which provides that the district courts shall have exclusive jurisdiction in claims against the United States "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. §1346(b). The FTCA also serves as a general waiver of the sovereign immunity of the United States for such tort claims. 28 U.S.C. §1346(b). This waiver of sovereign immunity is limited in several ways, however, and Defendants argue that the

6

Plaintiffs' claims do not fall within the FTCA because (a) Alexis Skotzko was not acting in his official capacity as an employee of the United States Department of State, (b) the particular claims brought by the Plaintiffs are specifically excluded from coverage under the FTCA, and (c) the claims arose in a foreign country.  The Defendants are wrong on all three counts.

Plaintiffs' Complaint states that Alexis Skotzko, an employee of the United States Department of State, acted as conservator of the decedent's estate but "gave the plaintiff no information on matters pertaining to the estate" when she inquired as so such matters in August of 2002, three months after the death of the decedent. (Complaint at 3.)  In addition, the Complaint states that Ms. Satti subsequently discovered that the business venture she and the decedent had entered into together had also been sold and that none of the proceeds were shared with either her (the decedent's widow) or the decedent's son. *Id.*

22 U.S.C. § 2715c governs the actions of consular officers acting as the conservator of the estates of American citizens who die while abroad.  Defendants seek to characterize their responsibilities as limited only to notifying the decedent's "closest known relative" of the death, arguing that consular officers are not required to determine with "absolute accuracy" who the next of kin is for notification purposes. (Def. Motion at 17 (citing 22 U.S.C. 2715b(a)).)  This ignores, however, the specific duties such consular officers have with respect to preserving the decedent's estate for his rightful heirs.  In relevant part, the statute requires the consular officer, when acting as conservator, to prepare a detailed inventory and appraisal of the decedent's property, sell or dispose of the property, and "transmit to the custody of the Secretary of State in Washington, D.C. the proceeds of any sales, together with all financial instruments (including bonds, shares of stock, and notes of indebtedness), jewelry, heirlooms, and other articles of

obvious sentimental value, to be held in trust for the legal claimant." 22 U.S.C. § 2715c(a)(1)(B), (E), (G).  Because the U.S. Government must hold the proceeds "in trust," a fiduciary duty is created to preserve that trust corpus for the beneficiary.  *See, e.g., U.S. v. White Mt. Apache Tribe*, 537 U.S. 465, 475 (2003); *U.S. v. Mitchell*, 463 U.S. 206, 224-25 (1983).

As further evidence of the fact that Congress intended parties acting as conservators of decedents' estates in such circumstances to be liable for the mismanagement of such property, the statute provides for compensation by the State Department for any property "that has been lost, stolen, or destroyed while in the custody of officers or employees of the Department of State."  22 U.S.C. § 2715c(c)(1)(B).  Thus, when a consular officer takes on the role of conservator of the estate of an American citizen who dies abroad, the United States assumes a fiduciary duty to the "legal claimant" of the proceeds of that estate, *i.e.* the decedent's heirs, to manage that property in a responsible manner according to the requirements of the statute.

Plaintiffs' Complaint properly states a claim for negligence and breach of this fiduciary duty.  The Complaint's references to the threats and hostility accompanying Mr. Skotzko's dealings with Ms. Satti in response to her inquiries regarding the status of her husband's estate also support claims that the torts of conversion or trespass to chattels were committed.  Defendants attempt to hide behind certain exceptions in the FTCA by characterizing the Plaintiffs' claims as those of assault and interference with contract rights.  Yet nowhere does the Complaint refer to any contract between the Plaintiffs and any party.  Rather, the Plaintiffs allege that the Defendants owed certain obligations to the decedent's survivors and heirs, that these obligations were not met, and that Mr. Skotzko wrongfully withheld from the Plaintiff what was rightfully theirs.

Defendants argue that Mr. Skotzko was not acting as a conservator of the decedent's estate, but as administrator. (Def. Motion at 13.) U.S. consular officers, while expressly permitted to act as conservators "[w]henever a United States citizen or national dies abroad," are permitted to act as administrators of the decedent's estate only in "exceptional circumstances if expressly authorized to do so by the Secretary of State." 22 U.S.C. § 2715c(a)(2). Defendants offer no explanation, let alone any evidence, supporting the premise that Mr. Skotzko's actions were those of an administrator rather than a conservator. Defendants merely assert this premise and draw from it the conclusion that, since the Secretary of State did not authorize him to act as an administrator, all of his actions were necessarily outside the scope of his official employment. (Def. Motion at 13.) Whether he was acting as a "conservator" or "administrator," of course, will be informed by evidence regarding what Mr. Skotzko did with the decedent's possessions and property. This is a question of fact, so summary judgment is unwarranted.

Defendants' Motion also offers that "Mr. Skotzko offered to assist because of his personal relationship to the deceased and his family." (Def. Motion at 13.) They offer no affidavit, statement, or other document, however, providing evidence as to why Mr. Skotzko did anything. Again, what Mr. Skotzko did with the decedent's property, and the reasons he did so, are questions of fact that must be resolved through discovery and trial – not summary judgment.

Defendant's Motion also asserts that the Plaintiffs' action should be dismissed because the FTCA does not apply to claims "arising in a foreign country." (Def. Motion at 12 (citing 28 U.S.C. §1280(k)).) The Defendants correctly state that the claim arises or occurs where the harm is caused. *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700-712 (2004). The locus of harm for the Department of State's and Alexis Skotzko's failure to properly manage the estate of the decedent

was not Pakistan, however, as Defendants' motion argues. Rather, this breach caused the Plaintiff harm in the District of Columbia, as the Department of State was required to hold the proceeds of the sale of the decedent's estate "in Washington D.C. . . . in trust for the legal claimant." Put simply, the harm done the Plaintiffs arose when there were no such proceeds held in trust for them "in Washington, D.C." as required. Thus, Plaintiffs' claim did not arise in Pakistan, but rather in the United States where the Plaintiffs were deprived of their rightful claim to these proceeds.

### D. REQUIRING PLAINTIFFS TO EXHAUST ADMINISTRATIVE REMEDIES WOULD BE FUTILE

Defendants' motion notes that, in order to bring a claim under the FTCA, a plaintiff must first have exhausted administrative remedies by presenting the claim to the appropriate Federal agency and having said claim denied by the agency. (Def. Motion at 14 (citing 28 U.S.C. § 2675(a)).) While it is true that Plaintiffs have not previously presented their claims in this matter to the Departments of Defense or State, the D.C. Circuit has held that waiver of the exhaustion requirement is appropriate where the administrative proceedings would be futile. *See Proud v. U.S.*, 872 F.2d 1066 (D.C. Cir. 1989). Here, the Plaintiffs' Complaint notes that inquiries into the status of the decedent's estate made at the time of his death were met with threats and hostility. (Complaint at 2, 3.) Moreover, the Defendants' motion in this case shows clearly that the U.S. Government has no intention of voluntarily disclosing the decedent's true role. Any claim presented in an administrative posture to either the Department of State or Department of Defense would only be met with further denials of the decedent's true status as a spy for the United States, so pursuing administrative relief would be futile.

**E.     PLAINTIFFS SHOULD BE ALLOWED DISCOVERY IN SUPPORT OF THEIR CLAIMS**

Defendants' motion argues that "[t]he absence of any evidence means that there is an absence of any material fact on Plaintiff's claims against DoD." (Def. Motion at 10.) The Plaintiffs have here presented in the attached Affidavit evidence of the decedent's military status. To the extent, however, that this Affidavit is deemed insufficient to prove that the decedent was, in fact, a member of the United States Armed Forces, summary judgment is still not warranted. Rule 56(f) of the Federal Rules of Civil Procedure states that, if the non-moving party is unable to "present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Fed. R. Civ. P. 56(f). The Plaintiffs do not have access to federal government records and have no way to interview government personnel or other individuals with such knowledge. As noted in the attached Affidavit of Zeenia Satti, Ms. Satti was not permitted to retain any evidence of the decedent's service during his life and, upon his death, she was deprived by the actions of certain government officials from obtaining access to any of the decedent's possessions that might have provided such evidence. (Satti Aff. at ¶ 4.) At this early stage, the only way for the Plaintiffs to obtain documentation or information proving the decedent's government or military service is through discovery.

At this stage of the proceedings, it is also unknown to Plaintiffs what happened to the decedent's property after his death. The Department of State and its employee Mr. Skotzko were required by statute to appraise and inventory this property and, to the extent they sold or otherwise disposed of the property, hold the proceeds from such sales in trust for the decedent's

beneficiaries – namely his widow and son, the Plaintiffs. The Defendants have offered no evidence regarding the disposition of the property or whether any of these obligations were fulfilled. Thus, this question of fact, which is material to the Plaintiffs' claims against the Department of State, is left unresolved and in dispute.

Summary judgment should not be used to deprive a litigant of her opportunity to present proof of her claims. Granting summary judgment to the Defendants at this stage would completely extinguish the claims of the Plaintiffs, the decedent's widow and child, before they are afforded the opportunity to use the tools of discovery to obtain access to the facts necessary to prove their claim. Declining to grant summary judgment at this time, on the other hand, would do nothing to prejudice the Defendants in any way. Moreover, declining to grant the Defendants summary judgment would allow the presentation to the Court of a more complete record upon which to base any final decision. This Court should deny the Defendants' motion for summary judgment.

## **CONCLUSION**

For the foregoing reasons, the Plaintiffs request that the Defendants' Motion to Dismiss or in the Alternative For Summary Judgment be denied.

Dated: September 22, 2006

        Respectfully submitted,

        /s/ Merrill C. Godfrey
        Merrill C. Godfrey, DC Bar # 464758
        Sean T. Morris, DC Bar # 495039
        AKIN GUMP STRAUSS HAUER & FELD LLP
        Robert S. Strauss Building
        1333 New Hampshire Avenue, NW
        Washington, DC 20036
        Telephone:  (202) 887-4195
        Telecopier:  (202) 887-4288

        ATTORNEYS FOR PLAINTIFFS