IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ZEENIA SATTI, ALEXANDER CHRISTOPHE SIMENSON, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 1:06-CV-00826 RWR |
| THE UNITED STATES DEPARTMENT OF DEFENSE, THE UNITED STATES DEPARTMENT OF STATE, ALEXIS SKOTZKO AT THE UNITED STATES DEPARTMENT OF STATE, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## AFFIDAVIT OF ZEENIA SATTI

I, Zeenia Satti, being duly sworn, do depose and say on the basis of knowledge, information, and belief:

1. I am the widow of Brant Marcus Simenson. When Brant died, he and I were still legally husband and wife.

2. I am the mother and legal custodian of the other plaintiff in this case, Alexander Christophe Simenson, who is Brant's son.

3. Brant died on May 17, 2002, in a remote mountainous region of Pakistan. At the time of his death, Brant was employed by the United States Armed Forces as a spy and was working undercover in Pakistan. The United States' official account of Brant's death—that he died while bird-watching—is false. On information and belief, he died while carrying out his duties to the United States.

4. Brant's employment with the United States was of such a nature that I was not allowed to keep or preserve any documentary evidence of such employment. To the extent that Brant may have possessed such evidence, I was deprived of the evidence by the actions of Alexis Skotzko detailed in my complaint in this matter.

5. Brant had two different passports: one regular passport and one used by him for cover. I saw Brant in possession of these passports when he was alive. I believe that if the United States were required to do so, it could produce records of these passports showing that Brant was employed by the United States.

6. Although I believe that Brant's employment by the United States was through the U.S. Department of Defense, I have no way of knowing what other U.S. agencies may have official records of his employment with the United States.

7. Brant used his marriage to me, a Pakistani, and our joint interest in Enerman Group, as cover for his undercover activities.

8. I believe that Brant's employment by the United States was of such a sensitive nature that perhaps only individuals in the highest levels of the U.S. Department of Defense can confirm the fact and/or the precise nature of that employment.

9. As stated in my complaint, on information and belief, our joint venture Enerman Group was sold to a French company after Brant's death and the rest of his property otherwise disposed of. I have, to this date, received no proceeds stemming from the disposition of Brant's estate, nor has his son inherited or otherwise received any portion of this estate.

10. As stated in my complaint, I was forced under duress and threat of harm to myself and my son to relinquish my rights as Brant's widow. *See* Complaint at 2. I was under such immediate duress when I signed the letter attached as Exhibit 8 to the Government's Motion filed August 25, 2006.

11. It is true that I initiated divorce proceedings in the fall of 1999 in Pakistan. However, due to reconciliation and resumption of our marital relations during the statutory period of 90 days that followed, that divorce petition is a nullity. Approximately 15 months later, when overwhelming problems in our marriage resurfaced, I attempted to revive the 1999 petition for divorce. The court declined to revive it, however, because of the previous reconciliation. Documents that I have seen that are currently in the possession of the Pakistani court include a statement by Brant confirming that we reconciled during the 90-day period.

This concludes my affidavit.

Dated: September 22, 2006.

_____
Zeenia Satti

SUBSCRIBED AND SWORN TO before me the undersigned authority this 22nd day of September, 2006, to certify which witness my hand and seal of office.

_____
Notary Public

Shannon Alford
Notary Public, District of Columbia
My Commission Expires 11-14-2010

2