UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZEENIA SATTI, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| ) | |
| v. ) | Civil Action No. 1:06CV00826 |
| ) | |
| THE UNITED STATES DEPARTMENT ) | |
| OF DEFENSE, ) | |
| THE UNITED STATES DEPARTMENT ) | |
| OF STATE, ) | |
| ALEXIS SKOTZKO AT THE UNITED ) | |
| STATES DEPARTMENT OF STATE, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS IN PART OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Defendant has moved to dismiss, in part, Plaintiff's claims for lack of jurisdiction and failure to state a claim. Plaintiff's opposition confirms that this Court lacks jurisdiction over Plaintiff's tort allegations and thus those claims should be dismissed. Plaintiff's declaration attached to her opposition does not even allege that the decedent was a member of the armed forces as alleged in the complaint and thus fails to create an issue of material fact. Defendant Department of Defense is thus entitled to Summary Judgment.

**I. The Court Lacks Jurisdiction over Plaintiff's Tort Claims**

Plaintiff's opposition acknowledges the requirement to exhaust administrative remedies by presenting the claim to the appropriate agency. Pl. Opp at 10. Plaintiff argues that her claims that Alex Skotzko threatened her, and the government's alleged unwillingness to acknowledge the decedent's alleged "true identity" as a "spy" make the filing of her claim futile, thus excusing

the filing of the administrative claim. Id. Even if Plaintiff's outlandish allegations were true, they would not excuse the filing of an administrative claim. First off, an allegation that a government employee threatened an individual hardly supports a determination that the entire Federal Government is involved in a massive conspiracy against Plaintiff and would thus deny Plaintiff's claims. Second, filing an administrative claim "is a mandatory jurisdictional prerequisite to a suit against the United States" under the FTCA. Jackson v. United States, 235 U.S. App. D.C. 46, 730 F.2d 808, 809 (D.C. Cir. 1984) (citing 28 U.S.C. § 2675); see also Avocados Plus Inc. v. Veneman, 361 U.S. App. D.C. 519, 370 F.3d 1243, 1247 (D.C. Cir. 2004) (distinguishing the concepts of jurisdictional and non-jurisdictional exhaustion). Healy v. United States, 435 F. Supp. 2d 157, 161 (D.D.C. 2006). When Congress mandates exhaustion as a jurisdictional prerequisite, Courts have no authority to excuse it. As the Court explained in Avocados Plus:

> The second form of exhaustion arises when Congress requires resort to the administrative process as a predicate to judicial review. This "jurisdictional exhaustion" is rooted, not in prudential principles, but in Congress' power to control the jurisdiction of the federal courts. See EEOC v. Lutheran Soc. Servs., 337 U.S. App. D.C. 373, 186 F.3d 959, 963-64 (D.C. Cir. 1999).... If the statute does mandate exhaustion, a court cannot excuse it.

370 F.3d at 1247. Plaintiff's arguments regarding futility are both meritless and irrelevant, failure to file an administrative claim is a jurisdictional bar to bringing an action under the Federal Tort Claims Act.

Plaintiff's additional claims regarding the tort allegations are likewise meritless. Even if Plaintiff's allegations can be construed as a negligence claim and breach of fiduciary duty[1], the

---

[1] As Plaintiff is no longer proceeding pro se the Court need not grant any special consideration.

claims would fail as Mr. Skotzko was not acting within the scope of his employment. The duties that Plaintiff cites that consular officials are required to take are limited to times when no next of kin is present. In this case Alex Skotzko was designated the legal representative by the next of kin parents. See Exhibit 1. 22 USC § 2715c, which outlines the authority of consular officers to dispose of estates when no legal representative is present, clearly states at 22 UCS § 2715c(a)(3):

> (3) Exceptions. The responsibilities described in paragraphs (1) and (2) may not be performed to the extent that the decedent has left or there is otherwise appointed, in the country where the death occurred or where the decedent was domiciled, a legal representative, partner in trade, or trustee appointed to take care of his personal estate. If the decedent's legal representative shall appear at any time prior to transmission of the estate to the Secretary and demand the proceeds and effects being held by the consular officer, the officer shall deliver them to the representative after having collected any prescribed fee for the services performed under this section.

Even if Mr. Skotzko had been a consular officer, the statute would preclude him from acting as a administrator of the estate in his official capacity.

    Additionally, Plaintiff has not alleged any harm in the District of Columbia that would support jurisdiction. The FTCA bars claims arising in a foreign country, thus Plaintiff's claims would be barred, even if they had been properly presented. Plaintiff's opposition claims that the alleged harm was somehow done in Washington, D.C. Neither Plaintiff's complaint, nor her affidavit allege any activity occurring in the District or elsewhere in the United States. As the Plaintiff bears the burden of pleading and proving jurisdiction, such defect is likewise fatal to her complaint. Plaintiff's counsel's unsupported musing on a possible theory under which the harm could be alleged to have occurred in the United States, should be ignored.

**II. There Is No Material Dispute as to the Decedent's Status as a Member of the Armed Forces**[2]

Plaintiff's complaint alleges that Brent Simenson was a Major in the U.S. Special Forces. Compl. at 1. In her opposition, Plaintiff cites to 10 U.S.C. § 1475-1478 as the source of her claims. These statutes provide benefits only to service members. After a thorough search of Department of the Army and Department of Defense databases, no record of any Brent Simenson could be found. See docket entry 9, DEX 2 and 3. In an abundance of caution, in case the Court places any credence in Plaintiff's claims that Mr. Simenson was a spy, Mr. Jones files a second declaration making clear that the database searches include classified positions. See DEX 2. Defendant's Declarations demonstrate that Mr. Simenson was not a member of the U.S. Armed Forces.

Plaintiff's declaration does not create a dispute of material facts as she does not even allege that Plaintiff was a service member. Instead Plaintiff now claims that the decedent "was employed by the United States Armed Forces as a spy." Docket Entry 12, attachment 1. Even if true, working for the Armed Forces does not entitle one to death benefits reserved for service members. Plaintiff's assertions in her affidavit would include both civilian employees and contractors, neither of which would be entitled to the benefits claimed.[3] The declarations of Mr. Jones and Mr. Tolley demonstrate that the decedent was not in any position which would entitle his heirs to receive the benefits claimed. Thus, summary judgment for the defendant is

---

[2] Plaintiff's argument regarding the sufficiency of her pleadings with regard to her claim for benefits are irrelevant as the government did not move to dismiss on those grounds.

[3] Defendant is unaware of any evidence to indicate that Mr. Simenson was employed by the Department of Defense in any capacity.

appropriate.

                           Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney


_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 353-9895