UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
ZEENIA SATTI, et al.,         )
                              )
          Plaintiffs,         )
                              )
     v.                       )    Civil Action No. 06-826 (RWR)
                              )
UNITED STATES DEPARTMENT      )
OF DEFENSE, et al.,           )
                              )
          Defendants.         )
_____     )
```

## MEMORANDUM OPINION

Plaintiff Zeenia Satti ("Satti") brought this action alleging tortious conduct by the United States Department of Defense ("DOD"), the United States Department of State ("DOS"), and DOS official Alexis Skotzko following her husband's death in Pakistan. The defendants have moved to dismiss arguing the absence of jurisdiction and Satti's failure to state a claim, and have moved in the alternative for summary judgment. Because Satti has not exhausted her administrative remedies, jurisdiction over her claims is lacking and her complaint will be dismissed.

## BACKGROUND

Satti alleges the following facts. She married Brant Marcus Simenson and they had a son, Alexander. (Compl. at 1, Ex. A, B.) Simenson died on May 17, 2002 in Islamabad, Pakistan while Satti and Simenson were still married. At the time of his death, Simenson worked for the U.S. Special Forces as an undercover spy

-2-

at the rank of Major.  (Compl. at 1.)  Neither the DOD nor the

DOS informed Satti that her husband had died.  Instead, Satti

learned of Simenson's death "through local sources."  (Compl. at

2.)  The DOD did not pay her or her son death gratuities under

the Death Gratuity Statute[1] as the survivors of a member of the

military killed while on active duty.  (Compl. at 3; Pls.' Opp'n

to Defs.' Mot. to Dismiss ("Pls.' Opp'n") at 2.)[2]

Satti filed this action pro se[3] on May 5, 2006 alleging

DOD's "neglect of its obligation to notify the plaintiff of

decedent's death and . . . to release the decedent's death

benefits to his true heirs at law[,]" and DOS's threats and

willful neglect toward her and her son.  (See Compl. at 4.)

Defendants moved to dismiss claiming, among other things, that

Satti has not established that her husband was engaged in

military service and that she has not satisfied the

---

[1]  The statute states that "[t]he Secretary concerned shall
have a death gratuity paid to or for a survivor . . . immediately
upon receiving official notification of the death of . . . a
member of an armed force under his jurisdiction who dies while on
active duty."  10 U.S.C. § 1475(a)(1).

[2]  Satti claims the gratuities total at least $338,000.
(Pls.' Opp'n at 2.)  Under 10 U.S.C. § 1478(a), the death
gratuity under § 1475 is $100,000.  (Id.)  Under 10 U.S.C.
§ 1478(e)(3), survivors of Armed Forces members killed in
Operation Enduring Freedom or Operation Iraqi Freedom are paid
additional gratuities of $150,000 and $88,000.  (Id.)

[3]  Satti obtained counsel after defendants filed their motion
to dismiss.  (See Pls.' Mot. Extend Deadline at 1.)

-3-

administrative exhaustion requirement under the Federal Tort
Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA").[4]

DISCUSSION

Before a court may address the merits of a complaint, it
must assure that it has jurisdiction to entertain the claims.
See Scott v. England, 264 F. Supp. 2d 5, 8 (D.D.C. 2002) (citing
Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95
(1998)).  Under Federal Rule of Civil Procedure 12(b)(1), a
defendant may move to dismiss a claim on the ground that the
court lacks subject matter jurisdiction.  However, the plaintiff
bears the burden of establishing such jurisdiction.  See
Forrester v. United States Parole Comm'n, 310 F. Supp. 2d 162,
167 (D.D.C. 2004).  In determining whether it has jurisdiction
over the subject matter, a court should "consider the complaint
supplemented by undisputed facts evidenced in the record[.]"
Coal. for Underground Expansion v. Mineta, 333 F.3d 193, 198
(D.C. Cir. 2003) (internal quotations omitted).

Here, Satti claims essentially that the defendants
intentionally or negligently failed to notify her of Simenson's

---

[4]    Defendants also moved under Fed. R. Civ. P. 12(b)(1) to
dismiss for lack of subject matter jurisdiction claiming
defendants have not waived immunity for Satti's claims under the
FTCA and defendants' alleged conduct does not fall under the FTCA
because it did not occur in the United States.  Additionally,
defendants moved to dismiss for failure to state a claim under
Rule 12(b)(6).  In the alternative, defendants claim that there
are no genuine issues of material fact and that summary judgment
should be entered for them under Rule 56.

-4-

death and to provide her with death benefits.  Such claims are cognizable under the FTCA.[5]  <u>See</u> 28 U.S.C. § 1346(b) ("[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]").  The FTCA provides that an action "shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing."  28 U.S.C. § 2675(a); <u>see also</u> <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").  A party seeking to exhaust her administrative remedies must file within two years after the claim accrues "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim."  <u>Bowden v. United States</u>, 106 F.3d 433, 441 (D.C. Cir. 1997) (internal quotations omitted).  "Discharge of this obligation of

---

[5]    The defendants treated Satti's claims as such without challenge by Satti.  <u>See also</u> <u>Price v. United States</u>, Civ. Action No. 99-2449 (PLF) (D.D.C. Apr. 18, 2000), Mem. Op. at 2 (treating a pro se plaintiff's claim that he had been wrongfully denied reimbursement for medical costs by the United States Department of Veterans Affairs as a federal tort claim for negligent failure to pay medical bills).

-5-

notice is sufficient to establish jurisdiction for purposes of
suit under the Federal Tort Claims Act." GAF Corp. v. United
States, 818 F.2d 901, 905 (D.C. Cir. 1987).  The FTCA's
administrative exhaustion requirement is jurisdictional, Simpkins
v. Dist. of Columbia, 108 F.3d 366, 371 (D.C. Cir. 1997) (further
stating that "forcing these cases through the administrative
process helps sort out not only worthless claims, but worthy
ones, which may be settled at that stage"), and full compliance
with the requirement is mandatory, "including for pro se
plaintiffs." Williams v. United States, Civ. Action No. 06-1486
(JDB), 2007 WL 1549182, at *2 (D.D.C. May 29, 2007) (citing GAF
Corp., 818 F.2d at 904).

Although filing an administrative claim is "a threshold
condition to exhaustion of administrative remedies[,]" Williams,
2007 WL 1549182, at *2, Satti does not dispute that she did not
file an application for benefits with the DOD or an
administrative claim with either the DOS or the DOD.  (Pls.'
Opp'n at 12 (noting that "it is true that Plaintiffs have not
previously presented their claims in this matter to the
Departments of Defense or State").)  Instead, she argues that the
waiver of the exhaustion requirement is appropriate "where the
administrative proceedings would be futile." (Id.)  However,
Satti has demonstrated no such futility and has not overcome the
mandatory jurisdictional prerequisite.  See Jackson v. United

-6-

States, 730 F.2d 808, 809 (D.C. Cir. 1984).  Indeed, the case

that Satti relies on, Proud v. United States, 872 F.2d 1066 (D.C.

Cir. 1989), does not support her argument.  In Proud, the

plaintiff complained to the Army's equal employment opportunity

("EEO") office that his discharge was discriminatory.  The EEO

office rejected without investigation plaintiff's complaint as

untimely.  The district court dismissed plaintiff's action for

failure to exhaust his administrative remedies, but the D.C.

Circuit reversed, stating that "that a person should not be

required to exhaust an administrative process that he has been

told by administering officials is foreclosed to him."  Id. at

1069.  Here, it is undisputed that Satti never presented her

claims in this matter to either the DOS or the DOD.  (Pls.' Opp'n

at 10.)  Nothing in Proud and no facts Satti has presented

establish that filing a claim with defendants would have been

futile.

Therefore, under Fed. R. Civ. P. 12(b)(1), Satti's complaint

must be dismissed for failure to exhaust her administrative

remedies before initiating her lawsuit.  Clemmons v. U.S. Army

Crime Records Ctr., Civ. Action No. 05-2353 (RCL), 2007 WL

1020827, at *4 (D.D.C. Mar. 30, 2007) (dismissing plaintiff's

complaint because he had not filed "an administrative claim as is

required under the FTCA before proceeding to judicial review").

-7-

<u>CONCLUSION</u>

Because Satti has not exhausted her administrative remedies prior to bringing this FTCA action, this court lacks subject matter jurisdiction over her action.  Accordingly, her complaint will be dismissed.  A separate Order accompanies this Memorandum Opinion.

SIGNED this 19th day of June, 2007.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge